```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

    vs.                                  Criminal Action  2:25-cr-020

**FABCON PRECAST, LLC**

<u>**REPORT AND RECOMMENDATION**</u>

The United States and defendant Fabcon Precast, LLC, entered into a *Plea Agreement*, ECF No. 3, executed pursuant to the provisions of Fed. R. Crim. P. 11(c)(1)(C), whereby defendant agreed to plead guilty to an *Information*, ECF No. 2, charging willful violation of OSHA standards causing death, in violation of 29 U.S.C. Section 666(e).[1] On February 26, 2025, defendant appeared through its authorized representative and with its counsel for an initial appearance, arraignment, and entry of plea proceeding.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed. Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned confirmed the authority of defendant's representative and observed the appearance and responsiveness of that representative in answering questions. Based on that observation, the undersigned is satisfied that defendant's representative was in full possession of his faculties,

---

[1] The specified sentencing terms in the *Plea Agreement* include a term of probation with a safety compliance plan, a fine, a mandatory special assessment, and an appellate waiver provision that preserves only certain claims for appeal. Although the *Plea Agreement* also contains a restitution obligation, the parties agree that defendant's civil settlement may satisfy that obligation.

was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed the defendant's representative personally and in open court and determined his competence. Based on the observations of the undersigned, defendant's representative understands the nature and meaning of the charge in the *Information* and the consequences of defendant's plea of guilty to that charge. Defendant's representative was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that the plea of guilty is voluntary. Defendant's authorized representative acknowledged that the *Plea Agreement* signed by him, defendant's attorney, and the attorney for the United States and filed on February 10, 2025, represents the only promises made by anyone regarding the charge in the *Information*. Defendant was advised, through its representative, that the sentencing judge may accept or reject the *Plea Agreement*. Defendant was further advised that, if the sentencing judge refuses to accept the *Plea Agreement*, defendant will have the opportunity to withdraw its guilty plea but that, if it does not withdraw its guilty plea under those circumstances, the sentencing judge could impose a sentence that is more severe than the sentence contemplated in the *Plea Agreement*, up to the statutory maximum.

Defendant's representative confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*. He confirmed that defendant is pleading guilty to Count 1 of the *Information* because defendant is in fact guilty of that crime. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Information* is knowingly and voluntarily made with understanding

of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Information* be accepted. Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the sentencing judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through its representative and counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorneys may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in the forfeiture of the right to *de novo* review and of the right to appeal the decision adopting this *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).


February 26, 2025                                        *s/ Norah McCann King*
Date                                                        Norah McCann King
                                                                United States Magistrate Judge